**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 24-00321-CIV-ALTONAGA**

**T.R.**, *et al.*,

      Plaintiffs,

v.

**THE SCHOOL DISTRICT OF**
**LEE COUNTY, FLORIDA**; *et al.*,

      Defendants.

_____/

## **ORDER**

    **THIS CAUSE** came before the Court *sua sponte*.  On April 8, 2024, Plaintiffs filed a Complaint [ECF No. 1] alleging six federal and state law causes of action.  The Complaint is an impermissible shotgun pleading and improperly lumps all Defendants together.  The Court explains.

    Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief.  *Id.*  Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]"  *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

    "Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added).  "The typical shotgun complaint contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

Plaintiffs' second through sixth claims for relief "reallege and incorporate by reference" all allegations in the preceding paragraphs of the Complaint. (Compl. ¶¶ 36, 46, 52, 58, 62). By "realleg[ing] and incorporat[ing]" each preceding paragraph, Plaintiffs makes it difficult to ascertain what factual allegations and legal conclusions correspond to the second through sixth claims. (*Id.* (alterations added)); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that [the second] count is replete with factual allegations that could not possibly be material to that specific count[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

In addition to being an impermissible shotgun pleading, the Complaint lumps all Defendants together in each claim, providing no factual basis to distinguish their conduct, thereby failing to satisfy the minimum standard of Rule 8. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (quoting *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)). "While a complaint against multiple

CASE NO. 24-00321-CIV-ALTONAGA

defendants may be read as making the same allegation against each defendant individually, the factual allegations must give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *Id.* (quotation marks and citation omitted).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiffs have until **April 22, 2024** to submit an amended complaint correcting the foregoing deficiencies.

**DONE AND ORDERED** in Miami, Florida, this 11th day of April, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

cc:     counsel of record

3