UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

T.R., et al.

                    *Plaintiffs,*                    ⋮ CASE NO. 2:24-cv-00321

vs.                                                  ⋮

THE SCHOOL BOARD OF LEE                              ⋮
COUNTY, FLORIDA; et al.                              ⋮

                    *Defendants.*
_____

### **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants file this Reply in Support of Motion to Dismiss (Dkt. 40), addressing Plaintiffs' Response (Dkt. 52) and state as follows:

### **INTRODUCTION**

Plaintiffs' Response brings more confusion rather than clarity to the already incoherent narrative that is the First Amended Complaint (the "Complaint") [Dkt. 10], for several reasons. First, Plaintiffs now reveal that T.R. is an adult [Dkt. 52 at 2], that T.R.'s parents are alleging individual disparate treatment claims [*id.* at 6], and that Plaintiff's race is irrelevant to their racial discrimination claims [*id.* at 3, *1]. Plaintiffs styled the entirety of their lawsuit as parents suing on behalf of their minor son, who is not a minor [Dkt. 10, ¶17].

Next, Plaintiffs effectively concede a shotgun pleading but say they did Defendants a favor by "avoid[ing] a monstrosity of a complaint" is

absurd [Dkt. 52 at 8]. They did not. Neither the Defendants nor the Court should have to mine a strain of plausibility of this scattershot that is prohibitively difficult to tell who the real party of interest is, which actions are brought by whom and against whom, and on what factual basis. Who did what, when, where, why, and how against whom?

## I. Plaintiffs' Failure to Amend the Real Party in Interest Violates Rule 17(a)(1).

"An action must be prosecuted in the name of the *real* party in interest." Fed. R. Civ. P. 17(a)(1) (emphasis added). "When a minor reaches the age of majority, the authority of a guardian ad litem or any other form of legal representation assigned during their minority expires." *Mason v. Royal Indem. Co.*, 35 F.Supp. 477 (1940). T.R.'s parents must separate their claims from his.

## II. No Plausible Claim Of Racial Discrimination is Alleged.

Plaintiffs misapply the federal pleading standard in arguing that their allegations must only be "plausible" even if likely not true [Dkt. 52 at 11] - but the issue is not whether Plaintiffs' vague innuendos are true. Rather, the issue is whether the facts alleged support their legal claims. Plaintiffs must *first* articulate "enough facts" to allow a *reasonable* inference that liability is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating Conley, 355 U.S. at 41). Plaintiffs' labels of "clear examples of racial bias," citing dozens of paragraphs at once without

2

citing any facts in these paragraphs, most with no apparent relation to each Defendant [see Dkt. 52 at 2, 4, 7, 9] are unavailing. Paragraphs 17-28 contain little more than implausible legal conclusions. To take just one example, M.R. and S.R.'s disparate treatment claims - Plaintiffs cite paragraph 23 of the Complaint, which is devoid of a specific fact of any action by Defendants against the parents [Dkt. 52 at 6].

Plaintiffs then accuse Defendants of ignoring "context" [Dkt. 52 at 10], but do not cite such context. Plaintiffs' discrimination theory and alleged denial of equal protection rely partly on a text message to a whole group [Dkt. 52 at 2-3, 13; Compl. at 40(A-C)]. But no facts are alleged that the text was directed at or intended for T.R. Plaintiffs' "context" does not even provide their race. The assertion that race is irrelevant is preposterous. If they are not black or African-American, then how is the use of the N-word plausibly racially discriminatory against them? Plaintiffs essentially urge that any adverse action, even those against the whole team, can only be but for his race.[1] Plaintiffs do not even allege that Defendants knew that T.R. identified as a "person-of-color" or was treated differently by anyone because of perceived minority status. Plaintiffs cannot simply incant "racial discrimination" to plausibly infer racial discrimination without identifying any specific discriminatory act.

---

[1]  Defendants represent to the Court that T.R. was considered and has identified as white.

3

Defendants do not know what Plaintiffs are trying to say when arguing that they need only to make it "plausible that there is a route available to municipal liability" [Dkt. 52 at 18]. Plaintiffs continue to ignore *Monell* and its progeny that provides clear municipal liability pleading standards.[2] Plaintiffs urge the Court to overlook this by blaming Defendants and saying, "Defendants are in sole control of all investigations and resulting report"[3] [Dkt. 52 at 15]. This argument is particularly confusing as Plaintiffs allege that Defendants failed to investigate [Dkt. 10, ¶¶ 4, 24, 26, 28(f)(i), 35, 37, 40(B), 51(d); Dkt. 52, pp. 4-6].

Since referenced by Plaintiffs, Defendants attach the Report: Title VI Investigation of FMHS Baseball Program (the "Report") as an Exhibit[4], which shows that the School Board investigated the allegations of discrimination within the FMHS baseball team, including interviewing Plaintiffs, and specifically addressed the text message and walkout by dismissing the coaches. Even a cursory reading reveals that the "division" amongst the team had nothing to do with race [Report, pp. 5-6, 9]. The Report refutes Plaintiffs' allegation that the School Board deemed the N-word "appropriate," instead explicitly stating: "The School Board of Lee

---

[2] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

[3] It's worth noting that the School Board's records are public records. Chapter 119, Fla. Stats.

[4] *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024)(a "court may properly consider document not referred to or attached to complaint under incorporation-by-reference doctrine if document is (1) central to plaintiff's claims and (2) undisputed, meaning that its authenticity is not challenged."); *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (same).

County does not tolerate the usage of any version of the [n]-word and sees all versions as a violation of the non-discrimination policy 1.27 and Code of Conduct for Students" [*id* at 25].[5]

The Report makes clear that the School Board had policies against discrimination, took those policies seriously, by extensively investigated the complaints of discrimination, and enforced those policies. "It is only when the execution of a policy, not the violation of a policy, causes the injury that the government entity may be held liable." *Mouton v. Sch. Bd. of Collier Cnty.*, 2:11-CV-568-FTM-29, 2012 WL 3639004, at *3 (M.D. Fla. Aug. 23, 2012).

Therefore, for the reasons above, the Complaint fails to allege any plausible constitutional violation and is due to be dismissed.

Respectfully submitted,

*s/ Mikala A. Makar*
MIKALA A. MAKAR
Florida Bar No. 1025225
JAMES D. FOX
Florida Bar No. 689289
ROETZEL & ANDRESS, LPA
999 Vanderbilt Beach Rd., Suite 401
Naples, FL  34108
(239) 649-6200
mmakar@ralaw.com
serve.mmakar@ralaw.com
jfox@ralaw.com
serve.jfox@ralaw.com
*Attorneys for Defendants*

---

[5] *See Chadee v. Ocwen Loan Servicing, LLC*, 243 F. Supp. 3d 1283, 1288–89 (M.D. Fla. 2017) ("[W]hen allegations in a pleading conflict with the exhibits attached, the exhibits control.") (citing *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009)).

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024 this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*s/ Mikala A. Makar*

Mikala A. Makar
