**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 24-00321-CIV-ALTONAGA/Reid**

T.R., *et al.*,

     *Plaintiffs,*

v.

THE SCHOOL DISTRICT OF
LEE COUNTY, FLORIDA; *et al.*,

     *Defendants.*

_____/

**PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO REOPEN CASE**

Plaintiffs respectfully submit this Motion for Clarification and to Reopen the Case and reinstate the amended complaint, following the Court's Order dated July 15, 2025 [ECF No. 57], which dismissed the matter without prejudice for failure to move to reopen within 21 days of the resolution of the motion to dismiss in *Tucker v. The School District of Lee County*, Case No. 2:24-cv-00142-WPD-PMH.

Plaintiffs respectfully request clarification of whether the *Tucker* matter has, in fact, reached the level of resolution contemplated by this Court's October 2, 2024 Order [ECF No. 56], which stated:

> "The case is STAYED pending a decision on the earlier-filed motion to dismiss in *Tucker v. The School District of Lee County*, 24-00142 (M.D. Fla. 2024). Upon resolution of that motion, the parties shall confer to address which claims, defenses, and parties remain in this action."

**Good Faith Understanding**

Plaintiffs have been closely monitoring the *Tucker* proceedings. While the Court entered an order adopting the Magistrate Judge's Report and Recommendation and dismissing the Tucker Amended Complaint on June 23, 2025, that dismissal was without prejudice and explicitly granted leave to amend. As of July 8, 2025, the plaintiffs in *Tucker* filed a Second Amended Complaint and related motions, which remain pending.

Accordingly, Plaintiffs did not view the *Tucker* motion to dismiss proceedings as "resolved" for purposes of lifting the stay and conferring, as the proceedings remain active and evolving. Out of deference to the Court and in compliance with the spirit of the stay, Plaintiffs refrained from filing prematurely, instead anticipating a logical opportunity to confer once the amended pleadings in *Tucker* had been reviewed or ruled upon.

The Court's directive that, "upon resolution of that motion, the parties shall confer to address which claims, defenses, and parties remain in this action," suggested to Plaintiffs that the stay would lift once there was finality, either through an order requiring Defendants to answer, or a ruling narrowing the claims and parties, not while amendment remained pending. Because the *Tucker* case is still active, and those very questions (which claims, defenses, and parties remain) are still unsettled, Plaintiffs did not believe the issue was yet ripe for conferral or reopening in this case. Plaintiffs deferred action until there was adequate clarity to confer and proceed in a manner consistent with their interpretation of the Court's Order.

**Plaintiffs respectfully apologize if this understanding was mistaken and submit this request in good faith to seek clarification and remain in compliance with the Court's direction.**

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Reopen this case and reinstate the amended complaint to allow the parties to confer as contemplated by the Court's October 2, 2024 Order [ECF No. 56], and permit a reasonable period of time for the parties to submit a joint scheduling report; or, in the alternative,

2. Issue an amended order stating that the stay will lift, and the obligation to confer and proceed will arise, once the Tucker motion to dismiss proceedings reach finality; either when:
   a. No further amendments are permitted or anticipated, or
   b. Defendants are ordered to file an Answer.

Respectfully submitted,

  /s/ *Joseph W. Montgomery*
Joseph W. Montgomery, Esq.
FL Bar No: 120569
Montgomery Law Group PLLC
631 U.S. Highway 1, Suite 202
North Palm Beach, Florida 33408
***Attorneys for Plaintiff***

Dated: July 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025 this document was electronically transmitted to the Clerk of the Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Joseph W. Montgomery_____
Joseph W. Montgomery, Esq.