**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 24-00321-CIV-ALTONAGA/Reid**

**T.R.**, *et al.*,

      Plaintiffs,

v.

**THE SCHOOL DISTRICT OF**
**LEE COUNTY, FLORIDA**; *et al.*,

      Defendants.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court upon Plaintiffs, Shane Reilly, Melanie Reilly, and T.R.'s Motion for Clarification and Request to Reopen Case [ECF No. 59]. (*See id.*). On October 2, 2024, the Court entered an Order [ECF No. 56], staying this case and directing the parties to move to reopen it no later than 21 days after the resolution of the motion to dismiss in *Tucker v. The School District of Lee County*, 24-00142 (M.D. Fla. 2025). (*See* Oct. 2, 2024 Order 9).[1] On July 15, 2025 — more than 21 days after the resolution of the motion to dismiss in *Tucker* and, with no filings from any party — the Court dismissed the case without prejudice. (*See* July 15, 2025 Order [ECF No. 57]). That same day, Plaintiffs filed the instant Motion, citing a good faith misunderstanding regarding the phrase "resolution of that motion." In the interest of justice, the Court grants Plaintiffs' Motion.

***Legal Standard.*** Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various grounds. *See id.* Of particular importance here, Rule

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable neglect[.]" *Id.* (alteration added).

The determination of whether neglect is excusable "is at bottom an equitable one, taking [into] account [ ] relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations added; footnote call number omitted). In determining whether neglect is excusable, courts weigh the following pertinent factors: (1) the danger of prejudice to the opposing parties; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* (citation and footnote call number omitted).

***Discussion.*** Plaintiffs explain their failure to comply with October 2, 2024 Order stemmed from a misinterpretation of the Court's instruction. (*See generally* Mot.). They believed the Court intended for them to confer with Defendants following a ruling on a response to a forthcoming amended complaint that would provide more finality to the claims and parties in *Tucker*, 24-00142. (*See* Mot. 2–3). Applying the *Pioneer Inv. Servs.* factors, the Court finds they all weigh in favor of granting Plaintiffs' Motion. 507 U.S. at 392–93, 395. Although Plaintiffs' interpretation of the October 2, 2024 Order conflicted with the Order's plain language, the Court is satisfied that Plaintiffs' misunderstanding was made in good faith and with the intent to comply with the spirit of the Order. Additionally, because the Court previously dismissed the case without prejudice, reopening it poses minimal prejudice to Defendants.

Accordingly, it is

**ORDERED and ADJUDGED** that

2

CASE NO. 24-00321-CIV-ALTONAGA/Reid

1.  Plaintiffs' Motion for Clarification and Request to Reopen Case **[ECF No. 59]** is **GRANTED**.

2.  The Clerk of Court is **DIRECTED** to **SET ASIDE** the Court's Order **[ECF No. 57]** dismissing the case without prejudice.  The case shall remain administratively **CLOSED**.

3.  Plaintiffs are instructed to **submit a status report** on the **25th day of each month**, informing the Court of the state of the proceedings in *Tucker v. The School District of Lee County*, 24-00142 (M.D. Fla. 2025).  The Court may issue a new date for the parties to file a motion to reopen depending on Plaintiffs' status reports.

**D**ON**E AND ORDERED** in Miami, Florida, this 17th day of July, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3